# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-845V
### Filed: August 4, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
MCKENNA WOJICK,                       *
                                      *
             Petitioner,              *      Damages Decision Based on Proffer;
     v.                               *      Trivalent Influenza Vaccine; Hepatitis A
                                      *      Vaccine; Vasovagal Syncope;
SECRETARY OF HEALTH                   *      Loss of Consciousness;
AND HUMAN SERVICES,                   *      Special Processing Unit ("SPU")
                                      *
             Respondent.              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*William Cochran, Jr., Esq., Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Camille Collett, Esq., U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On September 11, 2014, McKenna Wojick filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that she suffered a loss of consciousness (vasovagal syncope) and fall after receiving the Hepatitis A and trivalent influenza vaccines on November 25, 2013. Petition at 1. She seeks damages for injuries she sustained from her loss of consciousness and fall. *Id.* at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 17, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation for her injuries. On August 4, 2015, respondent filed a proffer on

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

award of compensation ["Proffer"] indicating petitioner should be awarded $100,041.46 in compensation to which petitioner agrees.  Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $100,041.46 in the form of a check payable to petitioner.**

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

MCKENNA WOJICK,

                 Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                 Respondent.

   No. 14-845V
   Chief Special Master Denise Vowell
   ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 16, 2014, respondent filed a status report in which she conceded

entitlement.  On December 17, 2014, the Court issued a Ruling on Entitlement, finding that

petitioner is entitled to compensation.  Respondent now proffers that petitioner receive an award

of a lump sum of **$100,041.46** in the form of a check payable to petitioner.  This amount

represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to

which petitioner is entitled.[1]  This proffer does not address final attorneys' fees and litigation

costs.  Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be

determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$100,041.46** as representing all elements of

compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

---

[1]     Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4098

Dated:  August 4, 2015